**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PHARMERICA, LONG TERM CARE INC.,**

    **Plaintiff,**

v.                                                  Case No.  8:08-cv-2216-T-30EAJ

**VICTOR MANUELE,**

    **Defendant.**
_____/

## TEMPORARY RESTRAINING ORDER

THIS CAUSE comes before the Court upon Plaintiff PharMerica, Long Term Care Inc.'s ("PharMerica") Motion for Hearing, Temporary Restraining Order and Preliminary Injunction (Dkt. 2). After review of the pleadings and supporting documents, the Court finds that it clearly appears from specific facts shown that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff's Motion for Temporary Restraining Order (Dkt. 2) is **GRANTED**.

2.     For a period of ten (10) days, Defendant Victor Manuele ("Manuele") and all others in active concert or participation with him are **ENJOINED** from:

(i)     disclosing, using or otherwise publishing any of PharMerica's trade secrets, confidential or proprietary information, including, but not limited to,

    PharMerica's customer and prospective customer lists, existing or potential business opportunities with PharMerica customers or prospective customers, policy or procedure manuals, and operations methods;

(ii) directly or indirectly contacting, soliciting, or accepting the business of PharMerica's customers (or prospective customers that were identified as such while Manuele was employed by PharMerica);

(iii) interfering with PharMerica's relationships with any of Pharmerica's customers (or prospective customers that were identified as such while Manuele was employed by PharMerica); and

(iv) soliciting, including influencing or attempting to influence, any employee of PharMerica to terminate his or her own employment with PharMerica.

3. Within ten (10) days of the date hereof, Manuele shall return to PharMerica all tangible and hard copies of PharMerica's information and property in his possession, custody, or control, including any removable media device on which he may have stored such materials. Manuele shall further demonstrate to the Court that he or anyone with whom he shared PharMerica's materials has/have permanently destroyed and/or deleted all electronic copies of said materials and data extrapolated therefrom.

4. Pursuant to Section IV(D.) of the parties' Agreement Not to Disclose or Solicit (See Exhibit A to Plaintiff's Complaint), the Court will not require Plaintiff to post a bond for costs and damages that may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained by this Order.

5. Plaintiff's Motion for Preliminary Injunction (Dkt. 2) is set for hearing before United States Magistrate Judge Elizabeth A. Jenkins in Courtroom 11A, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, on **THURSDAY, NOVEMBER 13, 2008, at 10:00 A.M.**, who shall thereafter submit proposed findings of fact and recommendation as to the appropriate disposition of the Motion.[1]  At the hearing, the Court shall determine whether to terminate or extend this Temporary Restraining Order pending resolution of Plaintiff's the Motion.  The hearing shall be governed in accordance with Local Rule 4.06 of the M.D.Fla.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Magistrate Judge Elizabeth A. Jenkins
Counsel/Parties of Record

S:\Even\2008\08-cv-2216.tro.frm

---

[1] Pursuant to Local Rule 4.06, M.D.Fla., Defendant must be provided with at least five (5) days notice in advance of the hearing.  Plaintiff shall promptly notify the Court when such notice has been timely provided, failing which the Magistrate Judge shall reschedule the hearing accordingly.